Barry A. YARDLEY, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 101442

Missouri Court of Appeals,
Eastern District,
**DIVISION FOUR.**

FILED: April 21, 2015

Andrew E. Zleit, 1010 Market St., Ste. 1100, St. Louis, MO 63101, for Appellant.

Chris Koster, Todd T. Smith, P.O. Box 899, Jefferson City, Missouri 65102, for Respondent.

Before Patricia L. Cohen, P.J., Roy L. Richter, J., and Robert M. Clayton III, J.

### ORDER

PER CURIAM

Barry A. Yardley ("Defendant") appeals from the motion court's denial, without an evidentiary hearing, of Defendant's Rule 24.035 amended motion for post-conviction relief alleging he was "pressured/coerced" into pleading guilty. Defendant pled guilty to the charges of felony violation of an adult protection order and misdemeanor third-degree domestic assault. He was sentenced to three years of imprisonment in the Missouri Department of Corrections for the felony and a concurrent term of 90 days in the county jail for the misdemeanor. He was released on probation for five years after completing 90 days of shock time, pursuant to a written plea agreement with the State of Missouri ("State"). Although the execution of the sentence was initially suspended, Defendant was incarcerated following the revocation of his probation.

At Defendant's plea and sentencing proceeding, he testified that no one had "threatened [him] or coerced him in any way" to plead guilty, which he also confirmed in writing in the plea petition. Defendant confirmed that he was pleading guilty for the benefit of a favorable plea agreement, while saying nothing about being forced to decide between pleading guilty or proceeding to trial at the last minute. Also, at the revocation proceeding, Defendant confirmed he had spent considerable time meeting with plea counsel, who had said or done nothing disagreeable. The record of this case clearly and conclusively refutes Defendant's claim that plea counsel coerced his guilty plea. Thus, the motion court properly denied Defendant's motion for post-conviction relief without an evidentiary hearing. *See Little v. State*, 427 S.W.3d 846 (Mo.App. E.D.2014).

We have reviewed the briefs of the parties and the record on appeal and find no error of law. No jurisprudential purpose would be served by a written opinion. The judgment denying Movant's motion is affirmed pursuant to Rule 84.16(b).